IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BYRON M. STEWART                           :
                                           :
       v.                                  :    CIVIL ACTION NO. AMD-07-2866
                                           :
JAMES SMITH, Warden                        :
       and                                 :
ATTORNEY GENERAL OF                        :
              MARYLAND             ...o0o...

MEMORANDUM

Now pending is Byron Stewart's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The court will construe the pleading as a motion for writ of habeas corpus pursuant to 28 U.S.C. §2254, and dismiss it without prejudice for lack of subject matter jurisdiction.

Stewart requests relief from his convictions in 1994 in the Circuit Court for Baltimore County for attempted murder, first-degree rape, attempted first-degree rape, first-degree sex offense, and false imprisonment. On May 24, 1994, the court sentenced him to life imprisonment and a consecutive term of imprisonment of 50 years.

Stewart's first federal petition challenging these convictions was denied on January 16, 2001. *See Stewart v. Conroy*, 13 Fed. Appx. 113 (4th Cir. 2001). On March 5, 2007, Stewart filed a Rule 60(b) motion in this court alleging that his trial counsel had provided ineffective assistance. This court construed the pleading pursuant to 28 U.S.C. §2254, and dismissed it without prejudice because Stewart had not obtained authorization from the Fourth Circuit to file a second or successive petition. *See Stewart v. Smith*, Civil Action No. AMD-07-578 (D. Md.). In the instant pleading, Stewart seeks to challenge his convictions based on ineffective assistance by his "habeas counsel."

The pleading raises the question whether it is properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) as characterized by Stewart or under 28 U.S.C. §2254 as motion for writ of habeas corpus. The substance of a pleading, not its title, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

A Rule 60(b) motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, a Rule 60(b) motion that "seeks to add new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is a second or successive petition for writ of habeas corpus. *See id.* If a Rule 60(b) motion attempts to revisit a federal habeas court's denial on the merits, it should be dismissed. *See id.*

If this pleading is construed pursuant to 28 U.S.C. §2254, it must be dismissed as a second or successive petition unless Stewart demonstrates that he has obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring the petition. *See* 28 U.S.C. § 2244(b)(3). Stewart may not circumvent the statutorily-prescribed procedural prerequisites for filing a second or successive §2254 action by creatively captioning the pleading.

It is clear this pleading attacks Stewart's predicate convictions by adding a new ground for relief, to wit, ineffective assistance of habeas counsel. In *Gonzales*, the Court noted that "an attack based on . . . habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzales* 545 U.S. at 532, n. 5; *see also Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005) (ruling a Rule 60(b) motion alleging ineffective assistance of habeas counsel should be construed as a second or successive habeas petition). Similarly, Stewart is seeking a second review of the

merits of his federal habeas petition. Where, as here, a petitioner fails to demonstrate authorization from the Fourth Circuit, this court lacks jurisdiction to consider the second or successive §2254 petition.[1]

In any event, relief is available under Rule 60(b) only in extraordinary circumstances. The circumstances set forth here are based on alleged errors of counsel in a previous federal habeas proceeding and are not extraordinary. Inasmuch as there is no right to counsel on habeas review, Stewart must allege far more than ordinary ineffective assistance of counsel to merit Rule 60(b) review. Consequently, even if this court were to review the pleading under Rule 60(b), Stewart is not entitled to relief.

Accordingly, the court will dismiss the §2254 petition for writ of habeas corpus without prejudice for lack of jurisdiction. An order follows.

Date: October 31, 2007                          __/s/_____
                                                Andre M. Davis

---

[1] The Sixth Amendment right to counsel does not extend to a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, Stewart does not have a cognizable ineffective assistance of counsel claim. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *see also* 28 U.S.C. §2254(i) (stating "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").